IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MELISSA HUDSON                                                                    PLAINTIFF

vs.                                         CIVIL NO. 04-5264

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                                      DEFENDANT

## MEMORANDUM OPINION

Melissa Hudson ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits ("DIB"), and supplemental security income benefits ("SSI"), under Titles II and XVI of the Act.

## Background:

The applications for DIB and SSI now before this court were filed on October 21, 2002, alleging an onset date of July 29, 2002, due to a left ankle fracture and a shattered right elbow, resulting in residual pain in her left ankle, right arm, and right shoulder. (Tr. 54-56, 321-324). An administrative hearing was held on March 2, 2004. (Tr. 342-365). Plaintiff was present and represented by counsel.

At the time of the hearing, plaintiff was forty-two years old and possessed a high school education. (Tr. 18). The record reveals that she has past relevant work experience ("PRW"), as a process control technician and cook. (Tr. 18).

On July 20, 2004, the Administrative Law Judge ("ALJ"), issued a written opinion finding that, although severe, plaintiff's impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 24). After discrediting

plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity ("RFC"), to perform sedentary work that requires no more than frequent stooping and occasional climbing, balancing, crouching, kneeling, and crawling. Further, plaintiff is also limited by her inability to repetitively use her right arm. (Tr. 24). Then, utilizing the medical vocational guidelines, the ALJ concluded that plaintiff was "not disabled." (Tr. 25).

On September 28, 2001, the Appeals Council declined to review this decision. (Tr. 6-9). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 4, 5).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.

*Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

In the present case, plaintiff presented additional medical evidence to the Appeals Council,

3

which was considered prior to their denial of review. (Tr. 6-9). When the Appeals Council has considered new and material evidence and has, nonetheless, declined review, the ALJ's decision becomes the final action of the Commissioner. At this point, our task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence deemed material by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994). However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had they been available at the initial hearing. *Flynn v. Chater*, 107 F.3d 617, 622 (8th Cir. 1997). Thus, we have endeavored to perform this function with respect to the newly submitted evidence. *Id.*; *Mackey v. Shalala*, 47 F.3d 951, 953 (8th Cir. 1995).

In the present case, plaintiff underwent a mental status exam by Dr. Richard Back on June 30, 2004. (Tr. 337-341). She complained of depression and feelings of worthlessness, discouragement, and hopelessness. In addition, plaintiff reported gaining eighty pounds, suffering from sleep disruptions, and roller coaster energy levels. Intellectual testing yielded an estimated I.Q. between seventy-one and seventy-nine, which was indicative of borderline intellectual functioning ("BIF"). (Tr. 340). Therefore, Dr. Back diagnosed her with pain disorder associated with both psychological factors and a general medical condition; severe, single episode, major depression; and, borderline intellectual functioning. (Tr. 341). He noted that her condition was not expected to improve within twelve months, and concluded that she had significant limitations in two or more

4

areas of adaptive functioning. (Tr. 341).

Given the nature of the BIF diagnosis, we believe that this information would have impacted the ALJ's decision in this matter. Accordingly, remand is necessary to allow the ALJ to review this evidence in conjunction with the other evidence of record, before rendering a final decision. Further, on remand, the ALJ is also directed to include the limitations resulting from this impairment in a hypothetical question to be posed to a vocational expert. *Lucy v. Chater,* 113 F.3d 905, 908 (8th Cir.1997) (holding that borderline intellectual functioning is a significant nonexertional impairment that must be considered by a vocational expert); *Foreman v. Callahan*, 122 F.3d 24, 26 (8th Cir. 1997) (same).

It is also significant to note that the RFC assessment completed by the non-examining, consultative physician revealed that plaintiff was limited to only occasional climbing, balancing, stooping, kneeling, crouching, and crawling. (Tr. 250). This assessment was substantiated by a May 18, 2004 orthopaedic evaluation by Dr. Alice Martinson. (Tr. 312-313). Records indicate that plaintiff's pilon fracture had healed without complication, although plaintiff continued to report soreness in the area of her left ankle. (Tr. 312). As for her elbow, Dr. Martinson noted this injury, too, had been treated via surgical intervention, and that her ulnar nerve had been anteriorally transposed during the surgical exposure. Therefore, although her wounds healed without complications, she continued to experience problems with numbness along the ulnar border of her forearm and painful paresthesias from her elbow down into her ring and little fingers. Based on this, Dr. Martinson concluded that plaintiff could lift and carry ten to twenty pounds, stand and walk no more than two hours per day for twenty minutes without interruption, sit without difficulty,

occasionally climb, balance, crouch, kneel, and crawl, and frequently stoop. (Tr. 315). Her ability to reach and push/pull were also noted to be limited. Dr. Martinson stated that plaintiff could not repeatedly perform these activities with her right arm. (Tr. 315). However, the ALJ failed to call a vocational expert, and instead, relied solely on the Medical-Vocational Guidelines (the "grids"), to conclude that plaintiff was not disabled. As the ALJ may not rely solely on the grids when the plaintiff suffers from non-exertional impairments that affect that person's ability to perform a full range of work activities, we believe that remand is necessary to allow the ALJ to call a vocational expert to testify concerning plaintiff's ability to return to work. *See Ellis v. Barnhard*, 392 F.3d 988, 996 (8th Cir. 2005).

Further, after reviewing the entire record, it appears that none of plaintiff's treating physicians have completed an RFC assessment for the time period in question. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). The ALJ, in concluding that plaintiff could perform the exertional and non-exertional requirements of a full range of sedentary work, relied on an RFC assessment completed by a non-examining medical consultant. (Tr. 17-25). We note, that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Therefore, based on the current evidence of record, we do not find substantial evidence supporting the ALJ's RFC determination.

Accordingly, on remand, the ALJ is directed to address interrogatories to the physicians who

have evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records; to complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this 2nd day of November 2005.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)